| UNITED STATES DISTRICT COURT | **(NOT FOR PUBLICATION)** |
|---|---|
| EASTERN DISTRICT OF NEW YORK | |

-------------------------------------------------X
JAMES E. HOGAN,

              Plaintiff,              ORDER

     -against-                        05-CV-1915 (SJF) (RER)

ABF FREIGHT SYSTEMS, INC.

              Defendant.
-------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      By motion dated May 19, 2006, plaintiff requests that this court issue an order compelling defendant to comply with plaintiff's discovery requests, FED. R. CIV. P. 37(a), including his Rule 30(b)(6) deposition notice, his interrogatories, and his document requests. Defendant filed a letter on May 26, 2006 opposing and accepting certain discovery requests made by plaintiff. Defendant is now directed to comply with plaintiff's discovery requests as specified in this Order.

      Plaintiff demands that defendant produce a witness to testify concerning the matters listed in paragraphs 4 through 8 of plaintiff's notice of deposition. FED. R. CIV. P. 30(b)(6). Paragraph 4 of plaintiff's deposition notice concerns "defendant's books and records relating to the driving histories of the truck drivers employed by it at the Brooklyn Facility." Paragraph 5 of plaintiff's deposition notice concerns "defendant's books and records relating to the accident, incident and other occurrence histories of the truck drivers employed by it at the Brooklyn Facility." Defendant argues that "with respect to the matters set forth in paragraphs 4 and 5 of the deposition notice, these matters are not relevant to the proceedings because *ABF does not contend that it refused to rehire plaintiff due to any deficiency in driving skills*." (Def.'s May 26,

2006 Ltr. at ¶ 6) (emphasis added). Defendant's counsel suggests that his letter to the Court is sufficient proof of this assertion. Counsel's letter, however, is not an admission of his client. Therefore, defendant is directed to submit an affidavit from an ABF employee to serve as an admission that plaintiff's driving record did not influence defendant's decision in refusing to hire plaintiff. FED. R. CIV. P. 37(a).

Paragraph 6 of plaintiff's deposition notice seeks a witness to testify regarding "defendant's books and records relating to worker's compensation claims of the truck drivers employed by it at the Brooklyn facility." Defendant has agreed to comply with this request, therefore this matter is resolved.

Paragraph 8 of plaintiff's deposition notice seeks a witness to testify regarding "defendant's hiring procedures for truck drivers at the Brooklyn Facility." In opposition, defendant argues plaintiff was not refused employment because of his worker's compensation claim, but rather because of plaintiff's unreliability as an employee due to his pattern of work injuries and subsequent leave of absences. Nevertheless, defendant's hiring procedures are relevant to plaintiff's case. FED R. EVID. 401. FED. R. CIV. P. 26(b)(1) (discovery is permissible if it "appears reasonably calculated to lead to the discovery of admissible evidence."). Therefore, defendant is directed to produce a witness testifying on defendant's hiring procedures. FED. R. CIV. P. 37(a).

Plaintiff's motion also requests that defendant be compelled to give complete answers to plaintiff's interrogatories. Interrogatory 6 seeks the identification of "all individuals having knowledge or information concerning requests for references, employment verification and other communications from third parties concerning plaintiff's employment by defendant."

Plaintiff argues defendant's naming of only one individual is insufficient to comply with the interrogatory. Defendant has agreed to identify additional individuals having this information, therefore this matter is resolved.

Interrogatory 7 seeks the identification of "all electronic or other digital documents created or maintained with respect to employees at defendant's Brooklyn facility, including without limitation personnel files, payroll files and emails." Interrogatory 8 seeks the identification of "the individuals responsible for defendant's system for creating, storing, maintaining, backing up, and archiving electronic or other digital documents relating to employees at its Brooklyn facility, including personnel files, payroll files, emails and other electronic documents." In opposition, defendant argues that responding to interrogatories 7 and 8 would violate its employees' privacy rights. Nevertheless, these documents and individuals should be disclosed since they are relevant to the issue of defendant's hiring procedures. FED R. EVID. 401. To maintain the confidentiality of defendant's employee information, this court will sign a protective order to ensure employees' privacy once one is submitted by the parties. FED. R. CIV. P. 26(c)(2). Therefore, defendant is directed to identify all electronic employee archives and all individuals responsible in creating and maintaining these electronic documents. FED. R. CIV. P. 37(a).

Interrogatory 9 seeks the "identify each truck driver hired by defendant at the Brooklyn Facility between October 30, 2003 and the present, stating for each his name and date of employment." In opposition, defendant argues this interrogatory "is overly broad and not reasonably calculated to lead to the discovery of admissible evidence." (Def.'s Resp. ¶ 11). The

Court disagrees, defendant's newly hired truck drivers and their qualifications are highly relevant to the subject matter of plaintiff's cause of action, which relates to the hiring practices of defendant. Fed. R. Evid. 401. Identifying defendant's newly hired drivers is therefore "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). In particular, this list would demonstrate defendant's hiring process, and perhaps refute defendant's contentions regarding why plaintiff was refused employment. Therefore, defendant is directed to submit their list of truck drivers hired after plaintiff's resignation on October 30, 2003. Fed. R. Civ. P. 37(a).

Plaintiff's motion also seeks further responses to document requests 18 through 22. Fed. R. Civ. P. 34(b). Document request 18 seeks the production of "all documents containing or reflecting defendant's policy regarding the hiring or employment for the position formerly held by plaintiff of individuals who have had workplace injuries or worker's compensation claims." Plaintiff alleges defendant's response was incomplete because defendant did not specify which produced documents were responsive to the request. Defendant has agreed to specifically identify the responsive documents, therefore this matter is resolved.

Document requests 19 seeks documents concerning "every lump sum settlement entered into at any time between 2001 to the present of a worker's compensation claim relating to any truck driver in which the settling truck driver has agreed to resign his employment from defendant." Document request 20 seeks all documents concerning "every lump sum settlement entered into at any time between 2001 to the present of a worker's compensation claim relating to any truck driver in which the settling truck driver did not agree to resign his employment from defendant." Document request 21 seeks the production of all documents concerning "every lump

4

sum settlement entered into at any time between 2001 to the present of a worker's compensation claim relating to any truck driver in which the settling truck driver has agreed not to apply for re-employment by defendant." Document request 22 seeks the production of all documents concerning "every lump sum settlement entered into at any time between 2001 to the present of a worker's compensation claim relating to any truck driver in which the settling truck driver has not agreed not to apply for re-employment by defendant."

In response to these requests defendant argues that its responses be limited to the geographic scope of the State of New York. The Court does not find defendant's geographic limitation request unduly prejudicial to plaintiff's case. Therefore, defendant is directed to respond to document requests 19 through 22 concerning its lump sum agreements as so limited. FED. R. CIV. P. 34(a).

**SO ORDERED**.

Dated: Brooklyn, New York
      June 7, 2006

                                          /s/
                                  **RAMON E. REYES, JR.**
                                  **United States Magistrate Judge**